D. Ormonde Ritchie, J.
In this proceeding, instituted pursuant to article 78 of the Civil Practice Act, petitioner, a resident taxpayer of the Town of Islip, seeks an order directing the respondents, comprising the Town Board of the Town of Islip, to vacate and annul resolutions adopted by respondents on February 3, 1959, and March 24, 1959, upon the ground that the resolutions were not adopted in accordance with the applicable sections of the Town Law and restraining the respondents from proceeding with a special election scheduled to be held on April 25, 1959, pursuant to the resolution therefor adopted March 24, 1959. On the argument counsel for petitioner and respondents conceded that no issue of fact was presented herein. There remains for consideration whether the resolutions, annulment of which is sought herein, were adopted by respondents pursuant to the procedure prescribed therefor by the Town Law.
On February 3, 1959, respondents adopted a resolution proposing the erection of an incinerator in Hauppauge in the Town of Islip for the disposal of garbage. That resolution was adopted pursuant to the provisions of section 90 of article 7 of the Town Law. In accordance with article 7 and on March *694 3, 1959, and within the time limitation prescribed therein, a petition containing the required number of signatures of qualified electors was filed with the Town Clerk of the Town of Islip compelling submission of the proposal contained in the resolution to the voters for their approval or disapproval at a special election. On March 24, 1959, pursuant to the authority vested by section 93 of the Town Law, the respondents, by resolution, repealed and rescinded the resolution adopted February 3 and on March 24 adopted a resolution providing for submission of the proposal to erect the incinerator at the same location for approval or disapproval by the voters at a special election designated to be held on April 25, 1959. The reasons for rescission and abandonment by respondents of the proceedings commenced by the resolution of April 3, are not apparent in the papers submitted. Nonetheless, revelation or nondisclosure of these reasons is of no moment to a determination of this application in light of the subsequent acts of respondents.
Petitioner correctly contends that under the resolution adopted February 3, the respondents were compelled by the provisions of article 7 of the Town Law to submit the proposal contained in that resolution for its approval or disapproval at an election to be held not later than 40 days after the date of filing the petition requesting such submission. But that resolution and all subsequent proceedings required to be followed thereunder were nullified by the resolution of rescission thereof adopted March 24. (Town Law, § 93.) Upon the repeal of resolution of February 3 respondents were no longer under compulsion to submit the proposal for approval or disapproval at a special election to be held within the 40-day time limitation prescribed by section 91 of the Town Law.
As hereinbefore stated, on March 24, 1959, in addition to adopting the resolution rescinding the February 3 resolution, respondents by motion directed that the proposal to erect the incinerator be submitted to the qualified electorate at a special election designated to be held on April 25, 1959. Authority for this latter procedure is found not only in section 94 of the Town Law but also in section 81 thereof. It is apparent from examination of the applicable sections of the Town Law that a Town Board is permitted alternate methods of procedures to effect ratification of proposals contained in resolutions adopted by that body. Where the proposal is subject to permissive referendum the board may proceed under either section 90 or section 94 of article 7. Under section 90 submission to referendum may be compelled by petition. Section 94 permits a voluntary submission of the proposal to the electorate and eliminates the *695 compulsory submission directed upon the filing of a petition therefor with the Town Clerk. Yet another proceeding is accorded a Town Board by the provisions of section 81 of the Town Law which permits a proposal for the erection of an incinerator to be submitted to the electorate by voluntary act of the board and directs its submission upon petition in specified instances.
The ultimate purpose of the procedures provided in the applicable sections is to accord the electorate the right to express its approval or disapproval of a proposal at an election whether the object thereof is or is not subject to permissive referendum. Submission of certain proposals is compelled by law upon the filing of a proper petition therefor. A Town Board, however, is not bound to await compulsion. By its voluntary act and without compulsion by petition it may direct submission of the proposal to the electorate in the first instance. That goal, i.e. submission of the proposal to the voters for their approval or disapproval was achieved by the resolution adopted by respondents on "March 24 directing submission of the proposal to the electorate at a special election to be held on April 25, 1959, and the procedure followed by respondents to effect that submission has statutory sanction.
The petition is dismissed.